**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**3612 EDENBORN, LLC,**                                        **CIVIL ACTION**
     **Plaintiff**

**VERSUS**                                                                **NO.  25-2039**

**CHAUCER INSURANCE**                                     **SECTION: "E" (4)**
**COMPANY DAC,**
     **Defendant**

## ORDER AND REASONS

Before the Court is a motion to dismiss for failure to state a claim filed by Defendant Chaucer Insurance Company, DAC ("Defendant").[1] Plaintiff 3612 Edenborn, LLC ("Plaintiff") filed an opposition.[2] Defendant filed a reply.[3]

## BACKGROUND

This case arises out of property damage allegedly caused by Hurricane Francine. Plaintiff owns property located in Metairie, Louisiana.[4] Plaintiff alleges its property was insured at the time of Hurricane Francine under a policy issued by Defendant.[5] Plaintiff alleges its property sustained damage as a result of the hurricane.[6] Plaintiff alleges it filed a claim with Defendant, and Defendant assigned an adjuster to inspect and adjust the claim. Plaintiff alleges Defendant paid $18,294.24 under the policy.[7] Plaintiff alleges it then obtained a repair estimate for damages to its property of $126,081.11 from Built-in New Orleans, Louisiana, LLC ("BINOLA").[8] Plaintiff alleges it submitted the estimate to

---

[1] R. Doc. 25.
[2] R. Doc. 26.
[3] R. Doc. 29.
[4] R. Doc. 20 at ¶ 6.
[5] *Id.* at ¶ 7.
[6] *Id.* at ¶ 9.
[7] *Id.* at ¶¶ 10, 12-14.
[8] *Id.* at ¶ 18.

1

Defendant's claims handler on May 1, 2025 and that more than sixty days elapsed after submission without Defendant tendering the estimate amount.[9] Plaintiff alleges Defendant breached the insurance contract by failing to adequately compensate Plaintiff for its property damage and that, as a result, its property has remained in a state of disrepair since Hurricane Francine.[10]

On September 30, 2025 Plaintiff filed suit in this Court against Defendant.[11] The Court ordered Plaintiff to file an amended complaint to properly allege its citizenship,[12] which Plaintiff did.[13] On December 12, 2025, Defendant filed a Motion to Dismiss, seeking dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[14] The Court granted Plaintiff leave to file an amended complaint to address the arguments raised in Defendant's motion.[15] Plaintiff filed a Second Amended Complaint,[16] and the Court dismissed Defendant's Motion.[17] In the prayer of Plaintiff's Second Amended Complaint, Plaintiff asserts causes of action for breach of contract, bad faith claims handling, negligent claims handling, breach of the duty of good faith and fair dealing, violation of La. R.S. § 22:1892, violation of La. R.S. § 22:1893, and negligent misrepresentation.[18]

On March 5, 2026, Defendant filed a second Motion to Dismiss for Failure to State a Claim. Defendant argues that, because the property damage at issue allegedly arose

---

[9] *Id.* at ¶¶ 18, 20, 23.
[10] *Id.* at ¶¶ 35, 41.
[11] R. Doc. 1.
[12] R. Doc. 6.
[13] R. Doc. 7.
[14] R. Doc. 14.
[15] R. Doc. 19.
[16] R. Doc. 20.
[17] R. Doc. 21.
[18] R. Doc. 20 at ¶ 54.

from a catastrophic event, La. R.S. § 22:1892.2 governs Plaintiff's claims.[19] Defendant argues this statute requires that an insurer be given sixty days' written notice of the violation prior to the insured's filing a claim.[20] Defendant argues that, because Plaintiff failed to transmit notice to Defendant prior to filing suit, the Court should dismiss Plaintiff's claims.[21] In Defendant's first motion to dismiss, Defendant argues that, in the alternative, the Court should stay this matter until sixty days after Plaintiff provides adequate written notice.[22]

Plaintiff argues § 22:1892 governs Plaintiff's claims and as a result, Plaintiff was not required to provide sixty days' written notice to Defendant.[23] Plaintiff argues that, even if § 22:1892.2 did apply to Plaintiff's claims, Plaintiff provided Defendant with BINOLA's estimate on May 1, 2025, well over sixty days before bringing this action, and that this constitutes written notice of Defendant's violation.[24]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to

---

[19] R. Doc. 25-1 at p. 4.
[20] *Id.* at pp. 4-6.
[21] *Id.* Defendant also argues Plaintiff failed to state a claim under La. R.S. § 22:1893(b), which provides that if damage to immovable property is covered under a policy, the burden is on the insurer to establish an exclusion under the terms of the policy. Defendant argues that Plaintiff does not allege it invoked a policy exclusion in adjusting Plaintiff's claim and, as a result, fails to state a claim under this statute. Plaintiff argues that, because Defendant acknowledged that coverage existed, the Defendant held the burden of establishing that an exclusion applied to Plaintiff's claim, which it failed to do. However, as discussed *infra* Section III, Section 22:1893(b) does not create its own cause of action; it merely establishes which party carries the burden of proof at trial to establish an exclusion applies in a breach of insurance contract claim. Accordingly, there is no cause of action under Section 22:1893(b).
[22] R. Doc. 14.
[23] R. Doc. 26-1 at pp. 7-8.
[24] R. Doc. 26 at p. 7.

relief.[25] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[26] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[28] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[29] However, in assessing the complaint, the Court must accept all well-pleaded factual allegations as true and must liberally construe all such allegations in the light most favorable to the plaintiff.[30] *Twombly* does not require detailed factual allegations but does "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[31]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[32] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[33] "Determining whether

[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[27] *Id.*
[28] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[29] *Iqbal*, 556 U.S. at 678 (citations omitted).
[30] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).
[31] *Twombly*, 550 U.S. 544, 555 (2007).
[32] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[33] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

4

a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[34] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[35] However, "[m]otions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'"[36] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[37] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . ."[38]

## LAW AND ANALYSIS

### I.    La. R.S. § 22:1892.2 governs Plaintiff's claims.

La. R.S. § 22:1892.2 applies to Plaintiff's claims. Plaintiff seeks statutory penalties under § 22:1892. Section 22:1892(B)(1)(c)(i) defines a catastrophic loss as "a loss that arose from a natural disaster, windstorm, or significant weather-related event that was a presidentially declared emergency or disaster or a gubernatorially declared emergency or disaster."[39] Section 22:1892(B)(1)(b) of that section provides:

> In the case of a catastrophic loss, any penalty for payment and adjustment of a first party claim arising under an insurance policy for immovable property shall be subject to penalty pursuant to the provisions of R.S. 22:1892.2, and the provisions of this Paragraph shall not apply.[40]

Plaintiff's alleged property damage arose from Hurricane Francine, which was a

---

[34] *Iqbal*, 556 U.S. at 679.

[35] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).

[36] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

[37] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).

[38] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).

[39] La. R.S. § 22:1892(B)(1)(c)(i).

[40] La. R.S. § 22:1892(B)(1)(b).

presidentially declared major disaster and a gubernatorially declared state of emergency.[41] As a result, Plaintiff seeks damages for a catastrophic loss. Accordingly, the provisions of § 22:1892 do not apply, and § 22:1892.2 governs Plaintiff's claims. Although Plaintiff's complaint specifically seeks relief under § 22:1892, the Court will construe the complaint as one for relief under § 22:1892.2.

## II. Because Plaintiff has failed to comply with the provisions of La. R.S. § 22:1892.2, the Court will stay this matter.

Plaintiff has failed to comply with the requirements of La. R.S. § 22:1892.2(c)(1). This section provides that

> As a condition precedent to bringing an action pursuant to this Section, the insurer shall be given sixty days' written notice of the violation by the insured or his representative, hereinafter referred to in this Section as the "cure period notice.[42]

Section 22:1892.2(C)(2) states that the cure period notice "may be provided through either a form transmitted by the department [of insurance] or by formal written demand providing sufficient notice of the facts and circumstances of the dispute."[43] Furthermore, Section 22:1892.2(C)(7) provides that "[i]f any suit is filed prior to transmitting the cure period notice required by this Subsection, it shall be automatically stayed until sixty days after the cure period notice is received.[44]

Plaintiff argues it has complied with the cure period notice condition,[45] as it "transmitted the complete $126,081.11 estimate to the assigned Senior Claims Handler,"

---

[41] "Both declarations are facts that can be judicially noticed pursuant to Fed. R. Evid. 201 because they are not subject to reasonable dispute, are generally known within this Court's territorial jurisdiction, and because the accuracy of the cited sources cannot reasonably be questioned." *Lumar v. Allied Tr. Ins. Co.*, No. 25-1264, 2025 WL 2792217, at *3 (E.D. La. Oct. 1, 2025).

[42] La. R.S. § 22:1892.2(C)(1).

[43] La. R.S. § 22:1892.2(C)(2).

[44] La. R.S. § 22:1892.2(C)(7).

[45] R. Doc. 26 at pp. 7-8.

who acknowledged receipt of the estimate in writing."[46] Plaintiff argues this satisfied any condition precedent under § 22:1892.2.[47]

Defendant argues Plaintiff has failed to comply with the cure period notice requirement.[48] Defendant argues Plaintiff does not allege that the repair estimate it submitted to Defendant contained any reference to a statutory violation, any demand that Defendant cure such a violation, or any statement that Plaintiff intended to seek statutory penalties.[49]

Plaintiff has failed to comply with the cure period notice requirement of Section 22:1892.2. The statute clearly states that the insured must provide the insurer written notice of the *violation*, not of an estimate to property damage.[50] In *Castro-Rochez v. Allied Trust Insurance Company*, another section of this district court found that an insured bringing a claim against its insurer for a catastrophic loss had not complied with the cure period notice requirement even though the insured had submitted a repair estimate and demand letter to the insurer "because [these forms] only informed [the insurer] of the property damage, not of its violation of the statute."[51] In this case, Plaintiff does not allege that its repair estimate contained any notice that Defendant violated La. R.S. § 22:1892 or § 22:1892.2. Accordingly, Plaintiff has failed to comply with the cure period notice requirement.

While Defendant argues the Court should dismiss all claims due to Plaintiff's failure to comply with Section 22:1892.2, the statute does not allow for such an action.

---

[46] R. Doc. 20 at ¶ 20.
[47] *Id.* at ¶ 33.
[48] R. Doc. 25-1 at p. 6.
[49] *Id.*
[50] La. R.S. § 22:1892.2(C)(1).
[51] No. CV 25-2431, 2026 WL 472748, at *2 (E.D. La. Feb. 19, 2026).

Section 22:1892.2(C)(7) states that any suit filed before the insured provided cure period notice to the insurer shall *automatically* be stayed until sixty days after the insured provides cure period notice to the insurer. Accordingly, the Court will stay this matter until sixty (60) days after Plaintiff provides adequate cure period notice to Defendant.

### III.    La. R.S. § 22:1893(B) does not create a cause of action.

La. R.S. § 22:1893 provides that:

A. (1) No insurer shall use the floodwater mark on a covered structure without considering other evidence, when determining whether a loss is covered or not covered under a homeowners' insurance policy.

(2) No insurer shall use the fact that a home is removed or displaced from its foundation without considering other evidence, when determining whether a loss is covered or not covered under a homeowners' insurance policy.

B. If damage to immovable property is covered, in whole or in part, under the terms of the policy of insurance, the burden is on the insurer to establish an exclusion under the terms of the policy.

C. Any clause, condition, term, or other provision contained in any policy of insurance which alters or attempts to alter the burden on an insurer as provided in Subsection B of this Section shall be null and void and of no effect.

D. Any insurer determined to be in violation of the provisions of this Section shall be liable pursuant to R.S. 22:1892.[52]

Plaintiff argues Defendant failed to comply with Section 22:1893(B). Plaintiff argues it alleged that Defendant acknowledged that coverage existed by making a partial payment on the claim, and as a result, the burden fell on Defendant to establish that an exclusion precluded full coverage.[53] Because Defendant failed to invoke any exclusion, Plaintiff argues it violated Section 22:1893(B).[54]

Defendant argues it did not cite or rely on any policy exclusion in calculating the

---

[52] La. R.S. § 22:1892.2.
[53] R. Doc. 26 at pp. 8-9.
[54] *Id.*

8

amount it owed Plaintiff under the insurance policy.[55] Defendant argues as a result, the Court should dismiss Plaintiff's claim under this statute.[56]

Section 22:1893(B) is not the basis for a cause of action; it merely establishes which party carries the burden of proof at trial to establish an exclusion applies in a breach of insurance contract claim. To the extent Plaintiff includes "failure to abide by La. R.S. 22:1893" in its list of causes of action in its prayer,[57] the claim will be dismissed.

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED** with respect to Plaintiff's claim for "failure to abide by La. R.S. 22:1893."[58]

**IT IS FURTHER ORDERED** that the remainder of this matter is stayed until sixty (60) days after Plaintiff provides cure period notice to Defendant.

**New Orleans, Louisiana, this 25th day of March, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[55] R. Doc. 25-1 at p. 8.
[56] *Id.*
[57] R. Doc. 20 at ¶ 54.
[58] R. Doc. 25.

9